UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MAURICE LEE, *pro se*                       :
                                            :  **MEMORANDUM & ORDER**
                      Plaintiff,            :  15-cv-523 (DLI)(PK)
                                            :
        -against-                           :
                                            :
VERIZON,                                    :
                                            :
                      Defendant.            :
                                            :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 29, 2015, *pro se* Plaintiff Maurice Lee ("Plaintiff") filed the instant action against his former employer, Verizon ("Defendant"), alleging discrimination on the basis of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C §§ 12112-12117 ("ADA"). (*See* Complaint "(Compl.") at 1, Dkt. Entry No. 1). Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of the Complaint on the ground that Plaintiff's claims are time barred. (*See* Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem."), Dkt. Entry No. 10). Plaintiff opposes. (*See* Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. Entry No. 16.) For the reasons set forth below, Defendant's motion is granted and this action is dismissed in its entirety

## BACKGROUND[1]

Plaintiff allegedly suffers from narcolepsy and sleep apnea. (Compl. at 3.) This condition afflicted him during his employment with Defendant, where Plaintiff worked as a

---

[1] The following facts are drawn from the Complaint, documents relating to Plaintiff's administrative proceedings before the United States Equal Employment Opportunity Commission, certain materials attached to the Complaint or otherwise incorporated by reference therein, and Plaintiff's Opposition. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) (in deciding a motion to dismiss, "it is proper for th[e] court to consider the plaintiff's relevant filings with the EEOC"); *see also Pahuja v. Am. Univ. of Antigua*, 2012 WL 6592116, at *1 (S.D.N.Y. Dec. 18, 2012) (a court may "consider factual allegations made in a *pro se* plaintiff's opposition papers, so long as the allegations are consistent with the complaint.") References to these materials are made using the page numbers assigned by the Court's Electronic Case Filing system.

Customer Service Representative ("CSR") from February 7, 2000 until his termination on November 2, 2012. (Pl.'s Opp'n at 3-5.) As a CSR, Plaintiff's primary responsibility was "answering calls from customers and potential customers." (*Id.* at 3.)

Over the course of his employment, Plaintiff's condition worsened and interfered with his ability to perform his duties. (*Id.* at 3.) Defendant allegedly was aware of Plaintiff's condition and, as an accommodation, assigned him "Offline work" that limited his contact with customers. (Compl. at 67.) However, as time passed, Plaintiff's supervisor allegedly began to "show[ ] a lower tolerance for [his] disability," and even accosted and physically roused Plaintiff when he fell asleep on the job. (*Id.*) In July 2011, Plaintiff was placed in a program to identify an alternative position that would accommodate his disability. (*Id.*) Despite that measure, on October 12, 2011, Plaintiff's supervisor allegedly told him that no offline work was available, and that he should go home. (*Id.*)

This led Plaintiff to file a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on March 26, 2012, (Plaintiff's "First EEOC Complaint"), alleging that Defendant failed to accommodate his disability. (*Id.*) After investigation, the EEOC was unable to conclude that there had been a violation, and issued Plaintiff a Notice of Dismissal and Right to Sue, dated July 23, 2012. (*Id.* at 63-64.) Thereafter, on November 2, 2012, Plaintiff was notified by Defendant that his employment was being terminated. (*Id.* at 85.) More than one year later, on November 5, 2013, Plaintiff filed another complaint against Defendant with the EEOC (Plaintiff's "Second EEOC Complaint"), alleging that he wrongfully was terminated "in retaliation for [his] participation in protected activities." (*Id.*) After investigation, the EEOC again was unable to conclude that there had been a violation, and issued

2

Plaintiff a Notice of Dismissal and Right to Sue, dated September 12, 2014.  (*Id.* at 7.)

On January 29, 2015, Plaintiff filed the instant action pursuant to the ADA, alleging that Defendant discriminated against him on the basis of his disability by: (1) failing to accommodate his disability; (2) retaliating against him following his filing of the First EEOC Complaint; and (3) terminating his employment.  (*Id.* at 3.)

## STANDARD OF REVIEW

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6), a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions."  *Iqbal*, 556 U.S. at 678.  For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal.  *Id*.  "[A] complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

In reviewing the complaint, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the Complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (emphasis omitted).

## DISCUSSION

### I. Legal Standards

#### A. Filing Requirements Under The ADA

In New York, a plaintiff seeking to pursue a federal employment discrimination suit under the ADA must have filed a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice or challenged discriminatory act. 42 U.S.C. § 12117(a) (adopting the filing requirements of 42 U.S.C. § 2000e-(5)); *see also Cherry v. City of New York,* 381 F. App'x 57, 58 (2d Cir. 2010) (affirming dismissal of ADA claims as untimely where plaintiff failed to file EEOC charge within 300 days of alleged discriminatory conduct); *Harris v. City of New York*, 186 F.3d 243, 247-48 (2d Cir. 1999); *Gindi v. Bennett*, 2016 WL 398184, at

*2 (E.D.N.Y. Feb. 1, 2016). This is true even with respect to *pro se* litigants. *See Tanvir. V. New York City Health & Hosps. Corp.*, 480 F. App'x 620, 621 (2d Cir. 2012); *Gindi*, 2016 WL 398184, at *2. Subject to limited exception, a plaintiff's failure to timely file a discrimination charge with the EEOC requires dismissal of the ADA claims as time barred. *See Cherry*, 381 F. App'x at 58; *see also LaFargue v. River Cafe Co.*, 2015 WL 1469544, at *2 (E.D.N.Y. Mar. 30, 2015).

In addition, in order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right to sue notice from the EEOC. 42 U.S.C. § 12117(a); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). With regard to a right to sue notice, there is a presumption that it was mailed on the date shown on the notice. *Tiberio*, 664 F.3d at 37; *see also Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 148 & n.1 (1984)). There is a further presumption that such notice was received three days after its mailing. *Tiberio*, 664 F.3d at 37; *see also Sherlock*, 84 F.3d at 525. That initial presumption is not dispositive, however, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Tiberio*, 664 F.3d at 37 (quoting *Sherlock*, 84 F.3d at 526).

### B. Equitable Tolling

The filing requirements imposed by the ADA, while a precondition to suit in federal court, are not jurisdictional prerequisites. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384-86 (2d Cir. 2015); *Gindi*, 2016 WL 398184, at *2. As such, the 300-day and 90-day

limitations periods are subject to waiver, estoppel, and equitable tolling in the appropriate circumstances. *See Cherry*, 381 F. App'x at 58 (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385 (1982)). Equitable tolling of those limitations periods is available only in "rare and exceptional circumstance[s]," for example where the plaintiff can show that he was "prevented in some extraordinary way from exercising his rights." *Id.* at 59 (quoting *Zerilli-Edelglass v. New York City. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)) (alterations in original). "In determining if equitable tolling should apply, the court should consider whether the plaintiff (1) has acted with reasonable diligence during the time period he seeks to have tolled and (2) has proved extraordinary circumstances justifying application of the doctrine." *Id.*

## II.    Application

Defendant argues that all of Plaintiff's claims are time barred under the 300-day and/or 90-day limitations periods imposed by the ADA. (*See* Def.'s Mem. at 3-6.) For the reasons that follow, the Court agrees.

### A.    Plaintiff's Failure To Accommodate Claim Is Time Barred

Plaintiff's First EEOC Complaint, alleging a failure to accommodate, was filed on March 26, 2012, and identified Defendant's discriminatory conduct as beginning and ending on October 12, 2011. (Compl. at 5, 67.) As such, the First EEOC Complaint properly was filed within 300 days of the alleged underlying discriminatory action by Defendant. The ensuing right to sue notice from the EEOC was dated July 23, 2012. (*Id.* at 64.) In the absence of evidence to the contrary, it fairly can be assumed that Plaintiff received that notice three days later on July 26, 2012. *See Tiberio*, 664 F.3d at 37. Plaintiff had 90 days from that date to commence an action in this Court, but did not file the instant action until more than two-and-a-half years later on

January 29, 2015. As such, Plaintiff's claim for failure to accommodate is time barred under the 90-day limitations period applicable to the filing of an ADA claim in federal district court.[2] *See id.* at 37-38.

Furthermore, Plaintiff does not demonstrate any extraordinary circumstances that would warrant equitable tolling. At most, Plaintiff indicates in his Opposition that he was dissatisfied with his EEOC case manager and was trying to obtain a different one. (Pl.'s Opp'n at 5.) It is not clear whether these events transpired before or after the EEOC issued the July 23, 2012 right to sue notice. However, that distinction ultimately is immaterial, as "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Cherry*, 381 F. App'x at 59 (citing *Del. State Coll. v. Ricks,* 449 U.S. 250 (1980)).

Finally, Plaintiff alleges that "the EEOC letter concerning the notice of right to sue on [the] March 27 Charge, was not date stamped, and was left in [the wrong] mailbox." (Pl.'s Opp'n at 2.) Taking into account the surrounding context in Plaintiff's Opposition and the general timeline it suggests, it seems more likely Plaintiff means that the EEOC's second right to sue notice, concerning Plaintiff's wrongful termination and retaliation charges, was placed in the wrong mailbox. Nevertheless, even assuming Plaintiff meant to refer to the earlier July 23, 2012 notice of right to sue, equitable tolling would not be appropriate given the two-and-a-half year delay before Plaintiff commenced this action. *See Cherry*, 381 F. App'x at 59 (to warrant

---

[2] Although the threadbare allegations in the Complaint indicate only that Plaintiff was denied a requested accommodation in 2011, (*see* Compl. at 5), the Court presumes that the failure to accommodate claim Plaintiff asserts in the instant action is based on the October 12, 2011 incident described in the First EEOC Complaint. Even assuming *arguendo* that Plaintiff's claim is based on some other incident in 2011, and further assuming that Plaintiff could assert that claim here despite failing to exhaust it administratively, it still would be time barred under the applicable 90-day limitations period.

7

equitable tolling, claimant must act with "reasonable diligence during the time period he seeks to have tolled.")

### B. Plaintiff's Wrongful Termination and Retaliation Claims Are Time Barred

Plaintiff's wrongful termination and retaliation claims stem from his firing on November 2, 2012. (*See* Compl. at 5, 85.) From that date, Plaintiff had 300 days, or until August 29, 2013, to file a discrimination charge with the EEOC in accordance with the ADA's filing requirements. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 239 (2d Cir. 2007) ("A discrete retaliatory or discriminatory act occurred on the day that it happened.") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)). However, based on Plaintiff's Complaint and the EEOC materials submitted therewith, Plaintiff did not file his Second EEOC Complaint until November 5, 2013, more than one year after his termination. (*See* Compl. at 4, 85) (*see also* Pl.s' Opp'n at 2.) As such, Plaintiff's wrongful termination and retaliation claims are time barred under the 300-day limitations period applicable to the filing of a discrimination charge with the EEOC. *See Cherry*, 381 F. App'x at 59; *LaFargue*, 2015 WL 1469544, at *2. Furthermore, Plaintiff does not allege any possible basis for equitable tolling. While the materials Plaintiff submitted with his Complaint indicate that he may have pursued a grievance process internally with Defendant, the Court already has noted that the pendency of a grievance process will not toll the limitations period. *See Cherry*, 381 F. App'x at 59.

Furthermore, it is undisputed that the right to sue notice Plaintiff received from the EEOC in connection with his Second EEOC Complaint was dated September 12, 2014, (*see* Compl. at 7), yet Plaintiff did not file the instant action until 139 days later on January 29, 2015. There is a strong presumption that Plaintiff received that right to sue notice on September 15, 2014, three

days after its presumptive mailing date, in which case Plaintiff's wrongful termination and retaliation claims also are time barred under the 90-day limitations period applicable to the filing of an ADA claim in federal district court. *See Tiberio*, 664 F.3d at 37-38. Plaintiff does not present any "sworn testimony or other admissible evidence" to rebut that presumption. *Sherlock*, 84 F.3d at 526. Rather, in the Complaint, Plaintiff merely alleges without elaboration that he received the September 12, 2014 right to sue notice on October 30, 2014. (Compl. at 6.) Even assuming the truth of Plaintiff's bare and unsworn assertion, the instant action still was filed more than 90 days after October 30, 2014.

After Defendant raised this point in its moving papers, Plaintiff changed his story and alleged in his Opposition that he received the right to sue notice on December 30, 2014. (Pl.s' Opp'n at 2.) Nevertheless, while the Court may consider factual allegations in Plaintiff's Opposition in light of the liberal construction afforded to *pro se* pleadings, it is not appropriate to do so where those "allegations are [in]consistent with the complaint." *Pahuja v. Am. Univ. of Antigua*, 2012 WL 6592116, at *1 (S.D.N.Y. Dec. 18, 2012). Furthermore, while Plaintiff alleges in his Opposition that the right to sue notice was placed in the wrong mailbox, the evidence he submits in support of that allegation is not reliable. For example, Plaintiff submits an unverified photocopy of an undated envelope that allegedly contained the right to sue notice. (*See* Pl.'s Opp'n at 9.) In addition, Plaintiff submits a photograph showing that his purported "personal" mailbox, labeled "LEE, MAURICE," is adjacent to a mailbox labeled "MAURICE ANTHONY ENT.," where the right to sue notice allegedly was mistakenly placed. (*See id.* at 9.) However, Plaintiff does not explain his relationship, if any, to Maurice Anthony, a conspicuous omission given that the materials Plaintiff submitted with his Complaint indicate that he

communicates via the personal email address, mauriceanthonyent@gmail.com. (*See* Compl. at 70.)

In any event, these are factual issues that the Court is prudent to avoid wading into on a motion to dismiss. To resolve such issues, the Court has the discretion to hold an evidentiary hearing. *See Hall v. Potter*, 2009 WL 577753, at *8 (E.D.N.Y. Mar. 4, 2009); *Harrison v. North Shore Univ. Hosp.*, 2008 WL 656674, at *7 (E.D.N.Y. Mar. 6, 2008) ("Where the date of receipt of a right to sue letter is disputed, the court may hold an evidentiary hearing on that issue alone.") Here, the Court declines to exercise its discretion to hold a hearing. Even if Plaintiff could prove that he did not receive the right to sue letter in connection with his Second EEOC Complaint until December 30, 2014, his wrongful termination and retaliation claims still would be barred under the 300-day limitations period applicable to the filing of a discrimination charge with the EEOC. *See Cherry*, 381 F. App'x at 59.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted and this action is dismissed, with prejudice, in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 23, 2016

/s/
DORA L. IRIZARRY
United States District Judge